Filed 11/17/15  P. v. Nickolsen CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KELLY GEORGE NICKOLSEN,<br><br>    Defendant and Appellant. | C069879<br><br>(Super. Ct. No. 11F07731) |

On November 14, 2011, defendant, Kelly George Nickolsen, was charged with one count of unlawfully possessing methamphetamine in violation of Health and Safety Code section 11377, subdivision (a).

On November 29, 2011, pursuant to a negotiated plea, defendant pleaded no contest to the charge with the understanding that the court would sentence him to 16 months confinement in the county jail.  Waiving his right to a presentence probation report, defendant was sentenced in conformance with his plea agreement on that same date and remanded to the custody of the Sacramento County Sheriff.

On December 6, 2011, the trial court recalled defendant's sentence because defendant's 16 month sentence to county jail was unauthorized given the fact that his past criminal record included a conviction of a serious or violent felony within the meaning of subdivision (c) of Penal Code section 1192.7 or subdivision (c) of Penal Code section

1

667.5 (unless otherwise stated, statutory references that follow are to the Penal Code) which made him ineligible for sentencing in the county jail. (§ 1170, subd. (h)(3).)

During these proceedings, the trial court judge stated her opinion that the "strike" prior should have been pleaded in the complaint, and noted:

"In this particular case[,] given that the [P]eople had made the decision that they were going to strike it anyway[,] we did what we should not have done and won't do in the future[,] but short-cut the process by not filing a new complaint and then striking the strike.

"Nonetheless[,] the [P]eople were aware and the court was aware at the time that I took the plea[,] that the defendant did have a prior strike that was going to be stricken in the interest of justice."

Before resentencing defendant on December 6, the trial court, being of the opinion that the sentence to state prison was "more restrictive," gave defendant the opportunity to withdraw his plea. Defendant declined to withdraw his plea and expressly "reaffirmed" it. The trial court then sentenced him to the low term on count one of 16 months to be served in state prison. The trial court granted defendant's request for a Certificate of Probable Cause. (§ 1237.5, subd. (b).)

Somewhat curiously, despite the trial court's sentence to state prison on December 6, 2011, he was never delivered to the California Department of Corrections and Rehabilitation and, on July 16, 2012, after eight months confinement in the county jail, the court deemed the time served on the state prison commitment, ordered his release "forthwith," and further ordered that defendant report to the local parole authorities.

Defendant now appeals arguing that, because defendant "had been formally sentenced and commenced service of his sentence, the court had no jurisdiction to recall the matter and resentence [defendant] to a term in prison." We affirm the judgment.

2

DISCUSSION

I

*Jurisdiction of the Trial Court to Recall the Sentence*

"[G]enerally a trial court lacks jurisdiction to resentence a criminal defendant after execution of [the] sentence has begun. [Citation.]" (*People v. Howard* (1997) 16 Cal.4th 1081, 1089.) But there are exceptions to the rule. (*See People v. Turrin* (2009) 176 Cal.App.4th 1200, 1205-1206 (*Turrin*).)

Notwithstanding the general jurisdictional rule, an unauthorized sentence can be corrected at any time. (*Turrin, supra,* 176 Cal.App.4th at p. 1205.) "Although the cases are varied, a sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case. . . .legal error resulting in an unauthorized sentence commonly occurs where the court violates mandatory provisions governing the length of confinement." (*People v. Scott* (1994) 9 Cal.4th 331, 354, fn. omitted.) The same may be said where, as here, the court violates mandatory provisions regarding the place of confinement.

Section 1170, subdivision (h)(3) provides, in part: " . . . where the defendant (A) has a prior or current felony conviction for a serious felony described in subdivision (c) of Section 1192.7 or a prior or current conviction for a violent felony described in subdivision (c) of Section 667.5 . . . an executed sentence for a felony punishable pursuant to this subdivision shall be served in state prison."

If the defendant has in the past been convicted of a qualifying felony bringing him within the provisions of section 1170, subdivision (h)(3), his original sentence to county jail was unauthorized and the trial court had jurisdiction to recall that sentence and impose a sentence authorized by law.

The record does not reveal the felony conviction which brought subdivision (h)(3) into play. Even so, we note that the parties and the trial court proceeded throughout, both

3

in the original sentencing proceedings and in the sentence recall and resentencing proceedings, without questioning the existence of a qualifying offense. On this record, we will take the matter as the parties litigated it, conceding by necessary implication that such a conviction appears on defendant's criminal record; if it did not, defendant had ample opportunity to challenge the existence and applicability of that prior conviction. Not having done so, defendant forfeited his right to challenge the fact of the conviction now.

The original sentence having been unauthorized, the trial court had jurisdiction to recall that sentence and correct it as mandated by section 1170, subdivision (h)(3).

II

*Did the Prior Conviction Have to be Pleaded and Proven by the People?*

Defendant argues that, even if we find that the trial court had jurisdiction here to correct an unauthorized sentence based on the existence of a conviction of a serious or violent felony as defined in section 1170, subdivision (h)(3), the trial court could not sentence him based on that conviction because it had not been pleaded and proven by the prosecution.

It is not difficult to discern what occurred here. As the record reflects, defendant was originally charged in the complaint only with one count of violating Health and Safety Code section 11377, subdivision (a). At some point, it came to the attention of the parties that defendant had a criminal record that included a qualifying conviction within the meaning of section 1170, subdivision (h)(3). Over the span of just a few days, plea negotiations took place that resulted in an agreement that, if defendant would plead no contest to possessing methamphetamine as charged in the single count of the complaint, he would be incarcerated in the county jail for 16 months and the People would not pursue a sentence enhancement based on the strike. The agreement having been reached, the prosecution, along with the defendant's attorney and the court apparently, initially

4

saw no reason to file a new complaint alleging the enhancement only to have the People immediately turn around and request that it be dismissed pursuant to the plea agreement.

Under these circumstances, to the extent defendant bases his argument on a claim he was not put on notice of the prior conviction so that he could defend against it, given the manner in which this prosecution proceeded, defendant had adequate notice of the existence of the prior conviction. Unfortunately, no one during the proceedings on November 29, 2011, recognized the effect of the conviction on the plea agreement.

As we understand it, defendant's argument is that the law requires that the prior conviction had to be pleaded and proven in order to find the original sentence unauthorized. The People having failed to do that, the original sentence cannot be considered unauthorized and the trial court did not have jurisdiction to recall the original sentence and impose a new one.

For the reasons that follow, we find that defendant has forfeited this argument.

During the hearing on December 6, 2011, in discussing this issue, the court said, in part:

"I agree that the strike should have been [pleaded].

"It's a requirement that once the [P]eople are made aware of the strike prior that it is [pleaded] in the complaint."

The court later gave the defendant the option of withdrawing his plea since the agreement he entered into in exchange for his plea anticipated a county jail commitment and, as set forth above, in the court's view a state prison commitment was more restrictive. But the court observed that if defendant withdrew his plea "then the [P]eople would have to file the strike and then ultimately dismiss the strike in the interest of - - or request dismissal of the strike in the interest of justice." Defendant then declined the opportunity to withdraw his plea in order to put the People to the test of pleading and proving the prior conviction.

5

But defendant, having been given the opportunity by the court to require the People to plead and then prove the disqualifying conviction, chose not to put the People to that task. That appears pragmatic, because, had he done so, the conviction would have been pleaded and, as everyone tacitly admitted, proved and, in the end, the result would have been the same.

Moreover, had he withdrawn his plea and required the prosecution to plead and prove the conviction, he ran the risk that, there being no plea agreement, the prosecution could choose to rely on the prior conviction to enhance his ultimate sentence.

The record reflects that defendant had the opportunity to require the prosecution to plead and prove the prior conviction. He chose instead to "reaffirm" his earlier no contest plea, thus forfeiting his right, if he had one, to require the prosecution to plead and prove that conviction. He cannot be heard to urge error in that regard on appeal.

DISPOSITION

The conviction is affirmed.

      HULL      , Acting P. J.

We concur:

      MARUO      , J.

      HOCH      , J.